UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD D. WASHINGTON,
       Plaintiff,

v.

DISTRICT OF COLUMBIA,
       Defendant.

Civil Action No. 23-0036 (CKK)

**MEMORANDUM OPINION**
(February 6, 2023)

     Plaintiff Edward D. Washington ("Washington"), a limousine driver based in the Commonwealth of Virginia, seeks preliminary injunctive relief ordering the District of Columbia to cease ticketing him for failure to comply with certain motor vehicle regulations while his state administrative appeal of other tickets is resolved. Plaintiff's pleadings are not the model of clarity, and his complaint contains only a few sentences of allegations. As far as the Court can tell, it appears Plaintiff argues that the federal Real Interstate Driver Equity ("RIDE") Act preempts the District of Columbia from ticketing Plaintiff for failure to comply with the District of Columbia's regulatory requirement that out-of-state drivers first register with the D.C. Department of For-Hire Vehicles before providing for-hire transportation entirely within the District of Columbia.

     Ultimately, Plaintiff requests that the Court enjoin the District of Columbia's ticketing regime as entirely preempted by the RIDE Act. Because the RIDE Act does not preempt the tickets assessed and Plaintiff does not face irreparable injury, the Court **DENIES** his [2] Motion for Temporary Restraining Order. Moreover, because his complaint is so devoid of merit, the Court **DISMISSES** it on its own authority.

1

The provision of federal law Plaintiff considers is quite short. In relevant part, it bars any "State or its political subdivision thereof[,]" other than a driver's home jurisdiction, from "enact[ing] or enforc[ing] any law, rule, regulation, standard, or other provision . . . requiring a license or a fee . . . [for] providing pre-arranged ground transportation service[s]," (i.e., driving a for-hire car) under two circumstances. 49 U.S.C. § 14501(d)(1). First, a state cannot require a license for for-hire transportation "from one State, including intermediate stops, to a destination in another state." *Id.* (d)(1)(C)(i). Second, a state cannot require a license or charge a fee for for-hire transportation "from one State, including intermediate stops in another State, to a destination in the original State." *Id.* (C)(ii). Therefore, under this statute, the several States and their localities remain free to require a license or charge a fee for intrastate for-hire ground transportation.

District of Columbia law requires for-hire drivers to first obtain a license from DFHV before "operat[ing] . . . in the District." D.C. Code. § 50-301.13(c) (West 2023). Failure to obtain a license may result in fees and impoundment of a vehicle until those fees are paid to the District. 31 DCMR § 828.8 (West 2023). Although the precise facts are difficult to glean from Plaintiff's pleadings, construing them as liberally as possible, it appears Plaintiff owns his own limousine registered in the Commonwealth of Virginia and contracts with a Virginia company to provide ground transportation in Virginia, Maryland, and the District of Columbia. ECF No. 10-1 (sealed). Plaintiff did not, and has not, obtained a license in the District of Columbia. On January 5, 2023, a DFHV enforcement officer stopped Plaintiff and issued two tickets upon inspection of Plaintiff's manifest. ECF No. 4-1. The ticket was predicated on two trips: one from "1499 Mass Ave NW" to "400 N. Capitol St., NW" and the other from "22 M St, NE" to "400 N. Capitol St., NW." *Id.* Plaintiff does not contest that all three addresses are in the

District of Columbia.  Nor does he claim that those two trips involved an intermediate stop in another State.

### A. Preliminary Relief

To warrant a preliminary injunction, Plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014).  Where, as here, the government is a party to the litigation, these two factors merge and are "one and the same, because the government's interest is the public's interest."  *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 511 (D.C. Cir. 2016).  When seeking such relief, "the movant has the burden to show that all four factors, taken together, weigh in favor of the injunction."  *Abdullah v. Obama*, 753 F.3d 193, 197 (D.C. Cir. 2014).  "The four factors have typically been evaluated on a 'sliding scale,'" whereby if "the movant makes an unusually strong showing on one of the factors, then [he] does not necessarily have to make as strong a showing on another factor."  *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291-92 (D.C. Cir. 2009).  Plaintiff succeeds on none of these factors.

As to likelihood of success on the merits, because both tickets are predicated on travel entirely within the District of Columbia, their enforcement clearly is not preempted by federal law.  To the extent that Plaintiff is concerned that the District of Columbia might ticket him for trips involving stops outside of the District of Columbia, such hypothetical injury is too remote to endow Plaintiff with standing to press such a claim.  *See Church v. Biden*, 573 F. Supp. 3d 118, 133-34 (D.D.C. 2021).

Finally, in a supplemental reply, Plaintiff attaches a list of tickets assessed in 2018.  ECF

No. 10-2 at 2-6.  Plaintiff does not claim that these tickets involved interstate transportation, and the tickets themselves identify only the location in which they were assessed (all within the District of Columbia).  To the extent Plaintiff seeks to rest his complaint on *those* tickets, they have all been "suspended," such that no payment is due to the District of Columbia.  *Id.* at 3-6.  In addition to the lack of injury, Plaintiff does not plead that these tickets were at all related in interstate transportation.  Therefore, Plaintiff also lacks standing to challenge any hypothetical violation of the RIDE Act based on those tickets as well.  *See Church*, 573 F. Supp. 3d at 134.  As such, Plaintiff has not demonstrated the requisite likelihood of success on the merits to warrant preliminary relief.  *See id.*

      Nor can Plaintiff establish likely (much less certain) irreparable harm.  The entirety of the alleged harm here is pecuniary:  the financial effects of tickets and impoundment.  Monetary harm is insufficient to warrant preliminary relief.  *See id.* at 142-43.  It appears that Plaintiff also implies that the District of Columbia's ticketing regime prevents him from operating in the District of Columbia.  Not so.  He need only pay a $650 registration fee to obtain a license to provide transportation wholly within the District of Columbia.  DFHV, *Administrative Issuance: Non-District Limousine Program* § IV(4) (Jan. 20, 2023) *available at* https://dfhv.dc.gov/sites/default/files/dc/sites/dc%20taxi/page_content/attachments/NDL%20Program%20AI-2023-01%20%28replaces%20AI-2022-02%29_.pdf.  That, too, is economic harm, and also constitutes the kind of "corrective relief" that remains available to Plaintiff to avoid his fear of the loss of a substantial portion of his business. *See Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015).  As such, Plaintiff has not demonstrated irreparable injury.

      Lastly, the public interest weighs decidedly in the District of Columbia's favor.  The

District of Columbia has a weighty interest in the enforcement of its own laws, including those governing transportation.  *See Cmte. of 100 on Fed. City v. Foxx*, 87 F. Supp. 3d 191, 220 (D.D.C. 2015).  Plaintiff's interest in avoiding further pecuniary harm is all the weaker given his preemption claim clearly fails.  *See CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995).

As such, preliminary relief is not warranted here.

**B.  Dismissal**

Because, even taking all Plaintiff's allegations as true, he stands no chance of success on his sole claim of preemption, the Court will dismiss his complaint on its own authority.  Although *sua sponte* dismissal for failure to state a claim is not common, a court may do so if, "'taking all the material allegations of the complaint as admitted and construing them in the plaintiff's favor,' the court determines that the plaintiff's complaint could not possibly entitle him to relief."  *Epps v. U.S. Capitol Police Bd.*, 719 F. Supp. 2d 7, 12 (D.D.C. 2010) (quoting *Razzoli v. Fed. Bureau of Prison*, 230 F.3d 371, 373-74 (D.C. Cir. 2000)).  When a "claimant cannot possibly win relief," the Court may go further to dismiss the case, rather than affording a plaintiff a futile attempt at amendment.  *Id.*  Nevertheless, before doing so, a court must assure itself that the "procedure used [in dismissing the complaint] is fair."  *Id.*

As to the last point first, dismissal here is only partially *sua sponte* because the Court afforded Plaintiff two rounds of briefing to press his preemption claim on the merits.   Plaintiff's complaint was particularly devoid of facts.  Without characterizing or attaching the challenged tickets to the complaint, Plaintiff summarily argued in his complaint that "[t]he District of Columbia does not recognize Public Law 107-298 [the RIDE ACT]," and, on January 5, 2023, Plaintiff "was issued a $500 infraction [and towed] for not having the [requisite] DC permit."

Compl. ECF No. 1 at 4-5.  Plaintiff's pending Motion consisted of just one line, "PROHIBIT FURTHER INFRACTIONS UNTIL MY CASE IS HEARD IN COURT."  Rather, than summarily denying the Motion, the Court ordered expedited briefing.  When Plaintiff alleged no more than economic harm in this initial round of briefing, the Court afforded him a second opportunity to describe the tickets he received and the alleged harm with particularity.

On this full record, the Court now construes all inferences in Plaintiff's favor, mindful that he is proceeding *pro se*.  As discussed further above, the entirety of Plaintiff's complaint rests on two tickets issued on January 5, 2023.  *See* ECF No. 4-1 at 3; ECF No. 5-1 at 3-4; ECF No. 10-2 at 2.  Plaintiff does not allege that he has received more tickets, much less that those tickets were issued for interstate transportation. *See* Pl.'s Resp. to Jan. 6, 2023 Minute Order, ECF No. 7 at 2.  The record makes it abundantly clear that those tickets applied to transportation entirely within the District of Columbia, a fact which Plaintiff has conceded over two rounds of briefing.  *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009) (failure to respond to factual or legal argument in reply concedes that argument).  The law is equally clear that the District of Columbia is not preempted from regulating transportation by out-of-state drivers occurring entirely within the District of Columbia.  *See* 49 U.S.C. § 14501(d)(1)(C); *State v. Bickford*, 117 A.3d 686, 691 (N.H. 2015) .  Because the tickets that form the basis of Plaintiff's complaint apply exclusively to intrastate transportation, taking all the material allegations of the complaint as admitted and construing them in the plaintiff's favor, Plaintiff nevertheless cannot possibly win relief.  Therefore, the Court *sua sponte* dismisses his complaint.

\* \* \*

For the foregoing reasons, the Court **DENIES** Defendant's [2] Motion for Temporary Restraining Order, **DISMISSES** Plaintiff's [1] Complaint for failure to state a claim, and

**DENIES AS MOOT** Defendant's [11] Motion to Dismiss Plaintiff's Complaint. An appropriate order accompanies this Memorandum Opinion.

Date: February 6, 2023

                                              /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge